MAGISTRATE JUDGE ROWLAND

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | No. 13 CR 848 |
| | ) | JUDGE NORGLE |
| v. | ) | |
| | ) | Violations: Title 18, United States |
| CORNELIUS CRUMITY | ) | Code, Sections 1028A, and 1341 |

**FILED**
OCT 22 2013
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COUNT ONE

The UNITED STATES ATTORNEY charges:

1. At times material to this information:

   a. Defendant CORNELIUS CRUMITY was employed by the Miami-Dade County Department of Corrections and Rehabilitation (the "MDCDC") as a prison guard. In that position, defendant had access to MDCDC records which included the personal identifying information of inmates, such as names, dates of birth, and social security numbers.

   b. On or about January 24, 2008, defendant CORNELIUS CRUMITY opened a bank account at Bank of America, account number xxxxxxxx0751.

   c. Co-schemer A was an acquaintance of defendant CORNELIUS CRUMITY who was previously incarcerated in the MDCDC. Co-schemer A was a resident of Chicago, Illinois, who lived for a period of time in an apartment at 222 N. Columbus Avenue. Co-schemer A maintained a bank account at Citibank, N.A., account number xxxxx0446, in the name of "Kayla and Jordon Communications."

2.	Beginning no later than approximately January 2008, and continuing until in or about April 2011, in the Northern District of Illinois, Eastern Division, and elsewhere,

CORNELIUS CRUMITY,

defendant herein, knowingly devised, intended to devise, and participated in a scheme to defraud the United States Treasury, and to obtain money and funds owned by and under the custody and control of the United States Treasury, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3.	It was part of the scheme that defendant accessed and copied the names, dates of birth, and social security number of individuals incarcerated by the MDCDC, without the authority and knowledge of the MDCDC. At times, defendant shared this information with Co-schemer A.

4.	It was further part of the scheme that defendant used the names and social security numbers that he unlawfully obtained from the MDCDC to file, and cause to be filed, false and fraudulent tax returns with the Internal Revenue Service, without the knowledge or authorization of the affected inmates.

5.	It was further part of the scheme that, when preparing and filing the fraudulent tax returns, defendant knowingly included false and fabricated W-2s, and false employer, wage and withholding information, designed to result in issuance of significant tax withholding refunds by the United States Treasury.

6. It was further part of the scheme that defendant fraudulently provided false home addresses for the purported filers which caused the United States Treasury to mail refund checks to addresses where defendant and Co-schemer A received mail.

7. It was further part of the scheme that defendant caused the United States Treasury to credit fraudulent tax withholding refunds to debit cards possessed by defendant and Co-schemer A that had been mailed by the issuing banks to them.

8. It was further part of the scheme that when defendant caused United States Treasury refund checks to be mailed to Co-schemer A, or to be credited to debit cards possessed by Co-schemer A, Co-schemer A transferred defendant's share of the fraudulently obtained proceeds to defendant.

9. It was further part of the scheme that Co-schemer A deposited tax refund checks which defendant fraudulently caused to be issued by the U.S. Treasury and mailed to Co-schemer A into the account that Co-schemer A maintained at Citibank, N.A. in the name of "Kayla and Jordon Communications."

10. It was further part of the scheme that, between approximately January 2008 and approximately November 2011, in Chicago, Illinois, Co-schemer A transferred and transmitted funds derived from the scheme to defendant by depositing cash, postal money orders, and bank checks totaling approximately $30,000 into defendant's account (number xxxxxxxx0751) at Bank of America.

11. It was further part of the scheme that after receiving the fraudulently issued refunds and funds derived therefrom, defendant converted the funds to his own benefit.

12. It was further part of the scheme that defendant misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the existence of the scheme, the purposes of the scheme, and acts done in furtherance of the scheme.

13. On or about May 28, 2010, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

CORNELIUS CRUMITY,

defendant herein, for the purpose of executing the above-described scheme, knowingly caused to be delivered by the United States Postal Service according to the direction thereon, an envelope containing a United States Treasury check payable to Individual AA and addressed to Individual AA at an apartment located at 222 N. Columbus Avenue, Chicago, Illinois;

In violation of Title 18, United States Code, Section 1341.

## COUNT TWO

The UNITED STATES ATTORNEY further charges:

On or about May 28, 2010, at Chicago, in the Northern District of Illinois, and elsewhere,

### CORNELIUS CRUMITY,

defendant herein, did knowingly transfer, possess and use, without lawful authority, a means of identification of another person, namely, the name and social security number of Individual AA, during and in relation to the offense of mail fraud, in violation of Title 18, United States Code, Section 1341, as described in Count One of this Indictment.

In violation of Title 18, United States Code, Sections 1028A(a)(1).

_____
UNITED STATES ATTORNEY